**Robert SHAW, Plaintiff—Appellant,**

v.

**E'OLA INTERNATIONAL; Fred O. Rogers; Raymond Rivers, Defendants—Appellees.**

No. 02–35340.

D.C. No. CV–00–00122–A–HRH.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 15, 2003.*

Decided Aug. 19, 2003.

Before PREGERSON, CANBY, and MCKEOWN, Circuit Judges.

MEMORANDUM **

Robert Shaw and E'OLA International entered into an Agreement for Shaw to distribute E'OLA products. E'OLA terminated Shaw's distributorship after concluding that Shaw had violated the contract on several grounds. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The Agreement between Shaw and E'OLA stated that Shaw "acknowledges that he[ ] has received the E'OLA Policies and Procedures and understands that they

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

may be amended and updated by E'OLA from time to time. Distributor agrees to abide by the then current Policies and Procedures...." The Agreement further stated that "[t]he Agreement and the Policies and Procedures contain the entire understanding of the parties." Finally, the Agreement provided that "E'OLA may terminate Distributor at any time if Distributor breaches this Agreement."

Shaw does not dispute that the Agreement constitutes a contract, but instead argues that E'OLA's promulgation of a no-mall-cart policy breached the Agreement. Because the change in policy was not a material alteration to the contract, Shaw was bound by the amendment and was required to remove his mall cart by June 30, 1998. His continued use of the mall cart until December of 1998 violated the parties' Agreement, and E'OLA was justified in terminating his distributorship. Because we uphold the grant of summary judgment on these grounds, it is unnecessary to consider E'OLA's other alleged justifications for terminating Shaw. The judgment of the district court is AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.